IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

APRIL M. PERKINS,

*Plaintiff*,

v.                                                      Civil No.: 1:25-cv-02830-JRR

UNIVERSITY OF BALTIMORE,

*Defendant*.

### MEMORANDUM OPINION

Pending now before the court is Defendant University of Baltimore's Motion to Dismiss at ECF No. 9 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

### I.      BACKGROUND[1]

Plaintiff April M. Perkins brings the instant action against her former employer, alleging violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Family and Medical Leave Act ("FMLA"). (ECF No. 1.) Plaintiff alleges that during her employment she was "subjected to unequal and discriminatory treatment based on her race." *Id.* ¶ 7. Additionally, she "made internal complaints regarding the discrimination and was subjected to retaliation as a result." *Id.* ¶ 8. Defendant also failed to investigate her complaints. *Id.* ¶ 9. Plaintiff was then "wrongfully disciplined and ultimately terminated on September 13, 2024, in retaliation for engaging in protected activity and for discriminatory reasons." *Id.* ¶ 10. Defendant "also interfered with Plaintiff's rights under the [FMLA]" by "discouraging or preventing Plaintiff

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

from exercising protected leave rights."[2]  *Id.* ¶ 11.  Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").  *Id.* ¶ 12.

Plaintiff brings three counts in her Complaint—race discrimination in violation of Title VII (Count I), retaliation in violation of Title VII (Count II), and interference and retaliation in violation of the FMLA (Count III).  *Id.* ¶¶ 13–18.  Plaintiff attaches to her Complaint her Notice of Right to Sue letter from the EEOC (ECF No. 1-1); she also later filed a series of documents apparently related to her claims (ECF No. 5).  On October 31, 2025, Defendant filed the instant Motion, arguing that Plaintiff's Complaint fails to plead sufficient facts in support of her Title VII and FMLA claims, and that Plaintiff's FMLA claims are barred by sovereign immunity.  (ECF No. 9.)

## II.    <u>LEGAL STANDARD</u>

### A.  Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction."  *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence."  *United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 176 (D. Md. 2019) (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).  "In determining whether jurisdiction exists, 'the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue.'"  *Id.* (quoting *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003)).

---

[2] Although not apparent from Plaintiff's Complaint, the parties agree that Plaintiff's FMLA claim arises from the self-care provision (ECF No. 9-1 at pp. 3, 14; ECF No. 11 at p. 2); the court observes same based on the documents Plaintiff provides as a supplement to her Complaint, *see* ECF No. 5-1 at p. 25.

Subject matter jurisdiction challenges may proceed in two ways: "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).  In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same).  Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192.  "In that circumstance, the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)).

Here, Defendant challenges this court's jurisdiction on grounds that sovereign immunity bars Plaintiff's FMLA claims against it. (ECF No. 9-1 at pp. 13–14.)  When a Defendant "asserts its sovereign immunity in a suit, the federal courts lack jurisdiction to proceed any further against it." *Jackson Creek Marine, LLC v. Maryland*, 153 F.4th 423, 428–29 (4th Cir. 2025).

### B.  Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), *as amended* (Jan. 20, 2017) (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citation modified) (quoting *Twombly,* 550 U.S. at 555, 570). The plausibility requirement is not "a probability requirement but rather a mandate that a plaintiff 'demonstrate more than a sheer possibility that a defendant has acted unlawfully." *In re Birmingham*, 846 F.3d at 92 (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)). Reliance on "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court generally does not consider evidence outside of a complaint. The court may, however, properly consider "documents integral to and relied upon in the complaint, . . . so long as the plaintiff does not question their authenticity." *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021). "An integral document is a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)). The court is entitled to "consider documents that are explicitly incorporated into the complaint by reference, and those attached to the complaint as exhibits" as part of the "pleading

4

for all purposes." *Goines v. Valley Comm. Svcs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (first citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); and then citing FED. R. CIV. P.  10(c)); FED. R. CIV. P. 10(c) (pertaining to "written instruments" attached as exhibits to a pleading).

In its ruling on the Motion, both parties ask the court to consider allegations that are not a part of Plaintiff's Complaint.  Specifically, Defendant asks the court to consider Plaintiff's assertions set forth in her EEOC Charges as well as information pertaining to her FMLA paperwork as supplemental to her allegations here; Plaintiff asks the court to consider her factual assertions made in opposition to the Motion.  (ECF No. 9-1 at pp. 2–4; ECF No. 11.)  Defendant is correct that the court is entitled to consider the EEOC Charges without converting the instant Motion into one for summary judgment.  *See Glanville v. Mayor & City Council of Baltimore, Maryland: Baltimore Police Dep't*, No. CV EA-23-3395, 2024 WL 5264381, at \*4 (D. Md. Dec. 31, 2024); *Virella v. M.B.G. Enterprises Inc.*, No. CV RDB-21-1844, 2022 WL 36452, at \*2 (D. Md. Jan. 4, 2022); *McKenzie-El v. Ports of Am.*, No. CV ELH-19-1980, 2020 WL 1185193, at \*7 (D. Md. Mar. 12, 2020).  It does not follow, however, that Defendant may, in effect, unilaterally supplement Plaintiff's Complaint allegations by reference to her EEOC Charges or that the court should consider same in deciding whether she has pled a plausible claim.  In ruling on the Motion, the court will not, therefore, draw upon factual allegations in Plaintiff's EEOC Charges where such allegations are not set forth in the Complaint; nor will the court speculate or infer what Plaintiff may have intended in her EEOC Charges where Plaintiff does not offer such allegations in her Complaint.

In opposition to the Motion, Plaintiff also offers additional factual allegations (without citation to the Complaint or any exhibit or supplement to same).  It is axiomatic, however, that a

5

plaintiff may not amend her complaint by way of opposition to a motion to dismiss. *Nat'l Ass'n for Advancement of Colored People v. Bureau of Census*, 382 F. Supp. 3d 349, 377 n.17 (D. Md. 2019) (noting that an opposition to a motion to dismiss "is not a vehicle for amending a complaint"); *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (noting that "it is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101 (7th Cir. 1984)).

Finally, to the extent Plaintiff may contend that documents docketed as a "supplement" to her Complaint provide additional factual allegations,[3] the court is not persuaded. Plaintiff's filing of a series of documents neither referenced nor incorporated in her Complaint is not a substitute for setting forth a short and plain statement of her claims as required by the Federal Rules of Civil Procedure. It is not the role of the court to sift through Plaintiff's documents to decide what allegations (if any) Plaintiff wishes the court to draw from the documents or determine how the documents may be utilized to provide a factual basis for Plaintiff's Complaint. *See Saunders v. Wilson*, No. 2:21-CV-00261, 2024 WL 4472358, at *7 (S.D.W. Va. June 24, 2024), *report and recommendation adopted,* No. 2:21-CV-00261, 2024 WL 4274698 (S.D.W. Va. Sept. 24, 2024) (noting it is not the court's "duty to comb through the attached documents to try to ascertain facts to support a plausible claim for relief"); *McDow v. Nevarez*, No. 2:20CV583 (RCY), 2021 WL 2416857, at *1 (E.D. Va. June 11, 2021) (noting that "although the exhibits to Plaintiff's Complaint could shed some additional light on Plaintiff's intended claims, neither the Court nor Defendants should be required to sift through Plaintiff's exhibits to determine the factual and legal bases for Plaintiff's lawsuit"); *Jones v. Gen. Elec. Co.*, No. CV ELH-19-196, 2019 WL 6918490,

---

[3] No party has expressly asserts or argues this point; the court clarifies its position in an abundance of caution.

6

at *13 (D. Md. Dec. 19, 2019) (noting "it is not the Court's job to dig through plaintiff's voluminous filings to unearth the material facts giving rise to plaintiff's lawsuit").

Accordingly, in ruling on the Motion, the court's consideration turns on the facts alleged in the Complaint, not the facts the parties ask the court to draw from Defendant's proffered exhibits or Plaintiff's opposition.[4] *See A Soc'y Without A Name*, 655 F.3d at 346, *supra* (noting that the court must "separate[e] the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determin[e] whether those allegations allow the court to reasonably infer" the defendant's liability); *Iqbal*, 556 U.S. at 678, *supra* (noting that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). In view of the foregoing, the court need not, and does not, consider the exhibits in ruling on the Motion.

## III.   ANALYSIS[5]

Defendant seeks dismissal of Plaintiff's Complaint, arguing 1) she fails to allege plausible claims of violations of Title VII (as to Counts I and II); 2) her FMLA claims (Count III) are barred by operation of sovereign immunity; and 3) she similarly fails to allege plausible claims for violations of the FMLA. (ECF No. 9-1 at pp. 7–16.)

---

[4] Nonetheless, cognizant of Plaintiff's *pro se* status, the court will permit Plaintiff leave to file an Amended Complaint in accordance with its ruling herein should she choose to do so.

[5] This court is mindful of its obligation to construe liberally the pleadings of self-represented litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (first quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### A. Counts I and II: Title VII Claims[6]

"Title VII forbids (i) employment practices that discriminate against an employee on the basis of race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2, and (ii) retaliation against an employee for opposing adverse actions that she reasonably suspects to be unlawful under Title VII, 42 U.S.C. § 2000e-3." *Strothers v. City of Laurel, Md.*, 895 F.3d 317, 326–27 (4th Cir. 2018). Pursuant to the *McDonnell Douglas*[7] burden-shifting framework, the elements of a prima facie case of discrimination include: "(1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) the adverse employment action occurred 'under circumstances giving rise to an inference of unlawful discrimination.'" *Johnson v. Baltimore City, Maryland*, 163 F.4th 808, 815 (4th Cir. 2026) (quoting *Wannamaker-Amos v. Purem Novi, Inc.*, 126 F.4th 244, 255 (4th Cir. 2025)). Similarly, the elements of a prima face case of retaliation under this same framework include: "(1) she engaged in protected activity, (2) the employer took adverse action against her, and (3) a causal relationship existed between the protected activity and the adverse employment action." *Id.* at 819 (citing *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015)).

"[A]t the motion to dismiss stage, a plaintiff need not establish a prima facie case," but rather must "produce sufficient allegations, accepted as true, to state 'a claim to relief that is

---

[6] Plaintiff's Count I references solely "race discrimination," which the court construes under a disparate treatment theory based on her allegation that she was "subjected to unequal and discriminatory treatment based on her race." (ECF No. 1 ¶¶ 7, 14.) In opposition to the Motion, however, Plaintiff asserts that she has brought a hostile work environment claim. (ECF No. 11 at p. 3.) Such a claim is not apparent on the face of her Complaint; but, even assuming she had pursued such a theory, Plaintiff fails to allege facts to support a plausible hostile work environment claim. To state a claim for hostile work environment, a plaintiff must plausibly allege: "(1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). As noted above, Plaintiff fails to allege nearly any factual basis and relies chiefly on conclusory assertions. Plaintiff similarly fails to plausibly allege conduct that could constitute unwelcome and severe or pervasive harassment, or a factual basis upon which to find Defendant as employer is liable for same.
[7] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

8

plausible on its face.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "Although a plaintiff need not assert a prima facie claim of discrimination under Title VII in order to survive a Rule 12(b)(6) motion, reference to the elements of a Title VII claim is helpful to gauge the sufficiency of the allegations." *Gaines v. Baltimore Police Dep't*, 657 F. Supp. 3d 708, 734 (D. Md. 2023).

Plaintiff's Complaint rests on impermissible "labels and conclusions" and "naked assertion[s]" devoid of "further factual enhancement" that are insufficient to provide a short and plain statement of the claim to survive a Rule 12(b)(6) motion. *See Iqbal*, 556 U.S. at 678, *supra*. As an initial matter, while Plaintiff alleges that she was subjected to unequal, discriminatory, and retaliatory treatment, *see* ECF No. 1 ¶¶ 7, 8, 10, she fails to allege any factual basis to support these legal labels and conclusions, except to say that the purported retaliation culminated in discipline and termination. Relatedly, Plaintiff does not allege any facts to support an inference that Defendant took adverse action against her "under circumstances giving rise to an inference of unlawful discrimination," such as by identifying any sort of comparator subject to different treatment, *see Johnson*, 163 F.4th at 815, or offering any other factual allegation to support a plausible claim that Defendant acted with an unlawfully discriminatory motive, *see Noonan v. Consol. Shoe Co., Inc.*, 84 F.4th 566, 573 (4th Cir. 2023); nor does she allege any facts regarding satisfactory job performance. *See Johnson*, 163 F.4th at 815, *supra*. Further, with regard to her retaliation claim, Plaintiff similarly fails to allege facts to support a plausible causal relationship between her reported activity and the adverse employment actions of which she complains, *see id.* at 819, such as, for example, that she suffered an adverse employment action because of, or in sufficiently close temporal proximity to, her protected activity, *see Gaines*, 657 F. Supp. 3d at 745, *supra*.

Plaintiff thus fails to state plausible Title VII claims.  The Motion will be granted on that basis.

**B.  Count III: FMLA Claims**

The FMLA entitles an "eligible employee" to take up to 12 workweeks of leave during a 12-month period for, relevant here, "a serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  This provision, which concerns leave for an employee's own health condition, is referred to as the "self-care provision."  *Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30, 34 (2012).

Section 2615 of the FMLA "prohibits two kinds of conduct"—

> (1) an employer cannot 'interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter," *id.* § 2615(a)(1); and (2) an employer cannot "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter," *id.* § 2615(a)(2). The first prohibition gives rise to "'interference' or 'entitlement' claims." *Waag v. Sotera Defense Solutions, Inc.*, 857 F.3d 179, 186 (4th Cir. 2017) (quoting *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006)). The second prohibits retaliation or discrimination for opposing unlawful practices. *See id*.

*Fry v. Rand Constr. Corp.*, 964 F.3d 239, 244 (4th Cir. 2020); *see also Dotson v. Pfizer, Inc.*, 558 F.3d 284, 294–95 (4th Cir. 2009); *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006); *Ensor v. Jenkins*, No. CV ELH-20-1266, 2021 WL 1139760, at *36 (D. Md. Mar. 25, 2021) (quoting *Edusei v. Adventist Healthcare, Inc.*, DKC 13-0157, 2014 WL 3345051, at *5 (D. Md. July 7, 2014)).  Plaintiff's FMLA claim seemingly asserts both types of claims—an interference claim and a retaliation claim.

### 1. Sovereign Immunity

Defendant contends that Plaintiff's FMLA claims under the self-care provision are barred by operation of sovereign immunity. (ECF No. 9-1 at pp. 12–14.) "A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense." *Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30, 35 (2012). "State sovereign immunity . . . 'bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it.'" *Williams v. Morgan State Univ.*, 850 F. App'x 172, 174 (4th Cir. 2021) (quoting *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019)). This immunity extends to instrumentalities of the state, *Magnetti v. Univ. of Maryland*, 402 Md. 548, 557 (2007), including Defendant, MD. CODE ANN., EDUC. §§ 12-101(b)(6)(x), 12-102(a)(2).

"Congress must 'make its intention to abrogate unmistakably clear in the language of the statute." *Coleman*, 566 U.S. at 35 (citation modified) (quoting *Nevada Dep't of Hum. Res. v. Hibbs*, 538 U.S. 721, 726 (2003)). Because Congress did not waive States' sovereign immunity for violations of the FMLA self-care provision, *see id.* at 43–44, an individual may only then "recover monetary damages from a state under a FMLA self-care claim . . . if the state has voluntarily waived its sovereign immunity." *Dennard v. Towson Univ.*, 62 F. Supp. 3d 446, 450 (D. Md. 2014).

The question of whether a state has voluntarily waived its sovereign immunity "is a matter of state law." *Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012). In considering this question, the Maryland courts have identified a two-part test: "(1) whether the entity asserting immunity qualifies for the protection; and, if so, (2) whether the legislature has waived immunity either directly or by necessary implication, in a manner that would render the

11

defense of immunity unavailable." *Magnetti*, 402 Md. at 557 (quoting *ARA Health Servs., Inc. v. Dep't of Pub. Safety & Corr. Servs.*, 344 Md. 85, 92 (1996)).   Such waivers are "strictly construed . . . in favor of the sovereign." *Bd. of Educ. of Baltimore Cnty. v. Zimmer-Rubert*, 409 Md. 200, 212 (2009)

Where there is no dispute that Defendant is an arm of the state for the purposes of sovereign immunity, *see Magnetti*, 402 Md. at 557 and MD. CODE ANN., EDUC. §§ 12-101(b)(6)(x), 12-102(a)(2), *supra*, the sole question is whether Maryland has waived such immunity for FMLA self-care claims.   Plaintiff asserts no argument that Maryland has done so.   And, indeed, in considering this question, the court has repeatedly found "that Maryland has not waived the sovereign immunity of its agencies from FMLA self-care claims." *Mack v. Maryland Dep't of Hum. Servs.*, No. CV DLB-23-1577, 2024 WL 580672, at *3 (D. Md. Feb. 13, 2024).  *See, e.g.*, *Pinson v. Maryland*, No. CV GLR-20-1155, 2021 WL 4772919, at *3 (D. Md. Oct. 13, 2021); *Bozarth v. Maryland State Dep't of Educ.*, No. DLB-19-3615, 2021 WL 1225448, at *7–9 (D. Md. Mar. 31, 2021); *Reed v. Maryland, Dep't of Hum. Res.*, No. CIV.A. ELH-12-0472, 2013 WL 489985, at *6 (D. Md. Feb. 7, 2013); *Dennard v. Towson Univ.*, 62 F. Supp. 3d 446, 450–52 (D. Md. 2014).

Plaintiff offers no argument to the contrary,[8] and thus concedes the point.  *See Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) (noting that "[i]n failing to respond to [defendant's] argument," the plaintiff "concedes the point"); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (explaining that a plaintiff "abandon[s]" her claim where she fails to respond to argument).

---

[8] Plaintiff does assert that "Congress has waived immunity for Title VII claims," but Defendant does not assert sovereign immunity as a defense to Plaintiff's Title VII claims.  (ECF No. 11 at p. 3.)

In view of the foregoing, the court will grant the Motion as to Count III because Plaintiff's FMLA self-care claims against Defendant are barred by sovereign immunity.

### 2. Pleading Sufficiency

Even if the court did not find that Defendant is entitled to sovereign immunity as to Plaintiff's FMLA claims, the claims would nonetheless be subject to dismissal for failure to state a plausible claim.

As discussed above, the FMLA prohibits an employer from "interfere[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise," any right under the FMLA. 29 U.S.C. § 2615(a)(2). "An employee has a cause of action under 29 U.S.C. § 2617 when they can prove that '(1) the employer interfered with his exercise of FMLA rights and (2) the interference caused the employee prejudice.'" *Shipton v. Baltimore Gas & Elec. Co.*, 109 F.4th 701, 705–06 (4th Cir.), *cert. denied,* 145 S. Ct. 774 (2024) (quoting *Adkins v. CSX Transp., Inc.*, 70 F.4th 785, 796 (4th Cir. 2023)). "To make out an 'interference' claim . . . , an employee must thus demonstrate that (1) [she] is entitled to an FMLA benefit; (2) [her] employer interfered with the provision of that benefit; and (3) that interference caused harm." *Adams v. Anne Arundel Cnty. Pub. Schs.*, 789 F.3d 422, 427 (4th Cir. 2015).

As with Plaintiff's Title VII claims, Plaintiff's Complaint is devoid of factual allegations necessary to state a claim under the FMLA. She alleges no facts to support that she qualified for an FMLA benefit and merely asserts in conclusory fashion that Defendant interfered with the provision of an FMLA benefit. *See id.* She has therefore not pled a plausible FMLA interference claim.

Any retaliation claim fails for these same reasons. The FMLA similarly prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual for

13

opposing any practice made unlawful" by the FMLA. 29 U.S.C. § 2615(a)(2). As with a Title VII claim, the *McDonnell Douglas* burden-shifting framework applies to FMLA claims. *Adams*, 789 F.3d at 429. Under this framework, an employee must first "make [a] *prima facie* showing that [she] engaged in protected activity, that the employer took adverse action against [her], and that adverse action was casually connected to the plaintiff's protected activity." *Shipton*, 109 F.4th at 706 (citing *Harrah's*, 446 F.3d at 550–51). As the court notes above, Plaintiff is of course not obliged to establish a prima facie showing on a motion to dismiss, *see Johnson*, 163 F.4th at 819; she must, however, "produce sufficient allegations, accepted as true, to state 'a claim to relief that is plausible on its face,'" *see id* (quoting *Iqbal*, 556 U.S. at 678), and reference to the elements of such a claim "is helpful to gauge the sufficiency of the allegations," *see Gaines*, 657 F. Supp. 3d at 734.

Here, again, Plaintiff alleges no factual allegations to support a causal connection between the adverse action—her wrongful discipline and termination—and her purported protected activity. Further, while Plaintiff alleges she "made internal complaints regarding the discrimination," the factual bases of these complaints, and how they relate to the FMLA, is entirely unclear. Plaintiff thus fails to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *supra*.

Accordingly, even absent sovereign immunity, Plaintiff's FMLA claims are subject to dismissal for failure to state a plausible claim. The Motion will be granted on that basis.

## IV. __CONCLUSION__

For the reasons set forth herein, by separate order, the court will grant the Motion.[9] In view of the fact that this litigation remains in its early stages, Plaintiff's *pro se* status, Rule 15(a)'s

---

[9] Defendant seeks dismissal with prejudice. For the reasons set forth herein, the court declines to dismiss this action with prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the

14

instruction that courts "should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), and the Fourth Circuit's policy to liberally allow amendment, *see Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010), the court will grant Plaintiff leave to file an Amended Complaint.[10] Defendant may then respond in accordance with the Federal and Local Rules; beyond those set forth herein, the court makes no findings as to the merits of, or grounds for, any potential amended pleading. Should Plaintiff fail to file a timely Amended Complaint, this case will be dismissed without further notice.

July 31, 2026                                                    /S/

                                                    _____
                                                    Julie R. Rubin
                                                    United States District Judge

---

nature of dismissal" is left to "the sound discretion of the district court"). Additionally, to the extent dismissal is based on lack of jurisdiction, dismissals for lack of subject matter jurisdiction must be without prejudice. *Southern Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

[10] The court notes that Defendant opposes any such amendment on the basis of futility. (ECF No. 12 at pp. 5–6.) While the court appreciates Plaintiff's amendment may not cure her pleading deficiencies, the court is also cognizant of her *pro se* status and that she has, at a minimum, indicated additional facts before the court to support her claim. Indeed, it is apparent that she has additional factual allegations to add to her Complaint, which are not patently frivolous on their face, and, given the dispensation afforded *pro se* parties, the court will afford her an opportunity to do so. While the Fourth Circuit permits courts to deny a plaintiff leave to amend where she fails to state a claim pursuant to Rule 12(b)(6), the court declines to undertake that analysis here for the foregoing reasons. *Cf. Lavin v. Safeco Ins. Co. of Am.*, No. CV SAG-22-1788, 2022 WL 17342051, at *2 (D. Md. Nov. 30, 2022) (explaining that while "it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion," "it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion") (citations omitted); *Mamaril v. Lutnick*, No. CV 25-2010-BAH, 2026 WL 986443, at *7 (D. Md. Apr. 13, 2026) (recognizing same). Defendant remains free to challenge the sufficiency of Plaintiff's amended pleading, including by way of a Rule 12 motion, should she choose to file one.

15